OPINION OF THE COURT
Amy J. Fricano, S.
The first written decision and order in this estate was issued on December 27th, 1995. Since that first written decision and order, this court has issued four additional written decisions and orders, including this one, in less than 10 months. This estate is only worth approximately $200,000. Nearly all of the potential primary beneficiaries are charities. The prospective charities involved would be much better served by directing their respective counsel to rpach a settlement in this contested probate proceeding than in the filing of numerous motions and cross motions on meritless issues. These unnecessary proceedings have delayed the processing of this estate and postponed the disposition of the ultimate question of which, if any, of the decedent’s many wills shall be admitted to probate. At the same time, all of these charities have been forced to incur needless attorney’s fees in responding to these proceedings. Accordingly, this court will carefully scrutinize any and all requests that the estate be charged with the costs of any party’s attorney’s fees or disbursements. It is the specific order of this court that the estate shall not pay any commissions or attorney’s fees without the express written permission of this court.
As set forth in the December 27th, 1995, decision and order, no one came forward in more than six months after the decedent’s death to offer any of the decedent’s three wills which were on file with the Surrogate’s Court for probate. The decision and order clearly states that this was likely the result of testimony and evidence which was presented before the Surrogate at an earlier guardianship proceeding involving the decedent. The decedent had disavowed his most recent will dated March 2nd, 1993, at this hearing, and other evidence of *706 fraud, undue influence and duress was presented. As a result, the only named executor in the decedent’s most recent will dated March 2nd, 1993, and in the decedent’s second most recent will dated July 15th, 1992, did not offer either of these wills for probate.
The December 27th, 1995, decision and order makes it clear that the court was approached by the decedent’s court-appointed guardian, who requested that something be done to allow the decedent’s final debts to be paid and to allow the guardian to turn over the decedent’s remaining assets to an appropriate representative of the decedent’s estate. The court-appointed guardian’s authority had terminated upon the decedent’s death and several necessary items had remained unfinished for more than six months. It is clear that the Surrogate directed the Niagara County Treasurer, serving as the Public Administrator, to petition for temporary letters of administration pursuant to SCPA 901 et seq. The Public Administrator was appointed as temporary administrator of the decedent’s estate on July 28th, 1995. As set forth in the decree so appointing the Public Administrator, notice to all parties was dispensed with.
Counsel for the Lockport Public Library argues that the appointment of the Public Administrator as temporary administrator of the decedent’s estate without notice to the prospective parties was improper. This argument is without merit. SCPA 902 (5) specifically states, "the court may dispense with process if it finds that the best interests of the estate so require.” The Public Administrator’s petition for temporary letters requested that process be dispensed with to expedite the payment of the decedent’s debts, and to accomplish several outstanding tasks, including the potential recovery of funds misappropriated from the decedent. The decree appointing the Public Administrator as temporary administrator specifically dispensed with any notice. Accordingly, as SCPA 902 (5) authorizes the Surrogate to dispense with process, it was not improper for the Surrogate to exercise this discretion.
The December 27th, 1995, decision and order states that even after the appointment of the Public Administrator as temporary administrator of the decedent’s estate that, "Still no one stepped forward to probate any Will.” The decision and order continues, "The Public Administrator thereupon offered the earlier Will for probate — thus giving official legal notice to all parties in any way involved in any of the three Wills — that the Wills were on file, and they must offer these documents for *707 probate or default.” The Public Administrator had submitted a petition for letters of administration with will annexed, often referred to as administration c. t. a., pursuant to SCPA 1418 on October 25th, 1995. This petition was submitted three months after the Public Administrator’s appointment as temporary administrator of the decedent’s estate. The same day the Public Administrator submitted his petition for administration c. t. a. under SCPA 1418, the Surrogate signed an order of publication, an order of service by mail, and caused a citation to be issued for the estate. In addition, the court directed the appointment of a guardian ad litem to protect the interests of a daughter whose whereabouts were unknown, and who had been specifically disinherited in all three of the decedent’s wills which were on file with the Surrogate’s Court. Based upon this petition, and notice to all prospective parties under each of the three filed wills, the current will contest over the decedent’s estate has occurred. As set forth in this court’s earlier decisions, this matter is now before this court based upon the recusal of the initial Surrogate, who is likely to be called as a witness in this will contest.
Counsel for the Lockport Public Library argues that it was improper for the Public Administrator to submit a petition proposing the decedent’s third most recent will dated April 24th, 1992, for probate, instead of the decedent’s most recent will dated March 2nd, 1993. This court finds no requirement in either the SCPA or the EPTL which requires any party to propose only a decedent’s most recent will for probate. In fact, the service of process provisions of SCPA 1403, the provisions relating to preliminary letters under SCPA 1412, and other provisions of the SCPA specifically contemplate situations where an earlier will is offered for probate rather than a later will. If the Public Administrator believed that only the decedent’s third most recent will dated April 24th, 1992, was valid, and that the decedent’s two most recent wills were procured by fraud, duress, or undue influence after having reviewed the testimony at the decedent’s guardianship hearing, the Surrogate’s Court’s records, and/or the records of the court-appointed guardian, then he would not be required to offer either of these earlier wills for probate. Accordingly, the argument that the Public Administrator or any other party is required to offer only a decedent’s most recent will for probate is rejected.
The next issue before the court is whether the Public Administrator’s petition for administration c. t. a. presented *708 under SCPA 1418 is a valid petition for the probate of the decedent’s April 24th, 1992 will. Counsel for the Lockport Public Library argues that the Public Administrator’s petition should be dismissed because the initial Surrogate did not issue a written order directing the Public Administrator to file his petition as required by SCPA 1402 (1) (d). SCPA 1402 in general deals with a probate proceeding in which letters testamentary are sought, whereas SCPA 1418, as stated earlier, is a proceeding in which letters of administration with will annexed are sought. Counsel for the Lockport Public Library, the petitioner for the probate of the decedent’s March 2nd, 1993, will and a 15% residuary charitable beneficiary thereunder, argues that the provisions of SCPA 1402 (1) (d) must be complied with in a proceeding brought under SCPA 1418, the same way it must be complied with in a proceeding brought under SCPA 1402; that only a written order will suffice under SCPA 1402 (1) (d); and that this defect is not curable by either an order nunc pro tunc or otherwise pursuant to the provisions of CPLR 3024-3026. Counsel for the Lockport Memorial Hospital, the sole residuary beneficiary under the decedent’s second and third most recent wills dated July 15th, 1992, and April 24th, 1992, respectively, and counsel for the Public Administrator argue that SCPA 1418 and 1402 are mutually exclusive and separate proceedings; that even if SCPA 1402 (1) (d) was controlling over a proceeding brought under SCPA 1418, that any direction from the Surrogate, whether written or oral, is sufficient to comply with SCPA 1402 (1) (d); and that even if the provisions of SCPA 1402 (1) (d) required a written order that this is a curable defect which does not require dismissal.
If the Public Administrator had brought his petition under SCPA 1402, seeking letters testamentary, then the provisions of SCPA 1402 (1) (d) which state in part, "A petition for the probate of a will may be presented by” "(d) the Public Administrator or County Treasurer on order of the court, where a will has been filed in the court and proceedings for its probate have not been instituted or diligently prosecuted”, would be applicable. In that event, SCPA 1210 (2), which states "The court may, pursuant to 1402, direct the public administrator to present a petition for the probate of a will at any time after it is filed”, would also be applicable. The language of SCPA 1210 (2) makes it clear that any direction of the Surrogate, whether written or oral, is sufficient to meet the requirements of SCPA 1402 (1) (d). Based upon the December *709 27th, 1995 decision and order, the initial Surrogate’s issuance of an order of publication and an order of service by mail on the same day the Surrogate received the Public Administrator’s petition, the court’s appointment of a guardian ad litem, and the issuance of a citation and return date, makes it abundantly clear that the Surrogate directed the Public Administrator to file a petition for the probate of the decedent’s estate. The Surrogate did not issue a written order to the Public Administrator, but it is evident from the undisputed facts that the Public Administrator was acting at the Surrogate’s direction. This court does not believe that SCPA 1402 (1) (d) requires such a direction to be reduced to writing, and that even it if did, that this could be curable by an order nunc pro tunc, as no party to this proceeding would have had a substantial right prejudiced by such a defect. The provisions of CPLR 3024-3026 would also permit the amendment of the petition and pleadings and the curing of this defect if the Public Administrator had brought his petition under SCPA 1402.
The Public Administrator, however, did not bring a petition for letters testamentary under SCPA 1402. The Public Administrator brought a petition for letters of administration with will annexed under SCPA 1418. SCPA 1418 deals with proceedings for administration with will annexed when there is either no named executor in the will or no qualified executor who is willing or able to act. SCPA 1402 deals with a typical probate under a will with a named executor, or successors who are able and willing to serve. A proceeding under SCPA 1418 is more akin to an administration proceeding under SCPA 1001 than it is to a proceeding under SCPA 1402. This is confirmed by SCPA 1419 which states in part, "The proceedings upon the application are the same as upon an application for administration upon the estate of an intestate.” Accordingly, SCPA 1418 and 1402 provide for two different mechanisms for probating the estate of a decedent who died testate (i.e., with a will). Therefore, absent clear statutory language to the contrary, the provisions of one section will not be applicable to a proceeding brought under the provisions of the other section.
There is no language in SCPA 1418 which in any way requires the Public Administrator to receive an advance directive from the court before filing a petition for letters of administration with, will annexed. The very nature of this section is to allow a decedent’s estate to be administered pursuant to the decedent’s will when no executor is serving in a proceed *710 ing brought under SCPA 1402. SCPA 1418 (1) states in part, "upon the application of any person who may petition * * * under 1402 the court must issue letters of administration with will annexed in the following order of priority”. SCPA 1418 does not state that the restrictions contained in SCPA 1402 shall apply. Instead, SCPA 1418 sets forth a mandatory order of appointment which the court must follow as long as the person(s) are eligible. By analogy, this is the same mechanism established for obtaining letters of administration in an intestate decedent’s estate under SCPA 1001. As set forth in SCPA 1419, a proceeding under SCPA 1418 is designed to be the same as a proceeding under SCPA 1001. SCPA 1001, like SCPA 1418, contains absolutely no language which requires a prior court directive before the Public Administrator can submit a petition. Both SCPA 1418 and 1001 impose a strict order of preference on the appointment of the fiduciary, which must be followed by the Surrogate unless the person(s) are otherwise unqualified to act, regardless of who brings the necessary petition. The Public Administrator in both of these sections is low on the list in order of priority for appointment. By contrast, however, in a proceeding under SCPA 1402, it is possible for a Public Administrator to preempt the appointment of others, in the discretion of the Surrogate. In effect, SCPA 1402 (1) (d) acts to limit the Public Administrator’s ability to be appointed in a SCPA 1402 proceeding, the same way the order of preference rules act to limit the Public Administrator’s appointment in proceedings brought under SCPA 1001 or 1418.
The differences in the requirements of these sections is also apparent by virtue of SCPA 1210. This provision is contained within the article of the SCPA which specifically deals with Public Administrators. SCPA 1210 (1) states, "The public administrator shall have the power to apply for and receive letters as defined in this act.” SCPA 1210 (2) then goes on to state, "The court may, pursuant to 1402, direct the public administrator to present a petition for the probate of a will at any time after it is filed.” If the Public Administrator was required to receive permission under both SCPA 1402 and 1418, as argued by counsel for the Lockport Public Library, then SCPA 1210 (1) would not be necessary, and SCPA 1210 (2) would have referred to SCPA 1418 in addition to SCPA 1402. This is not the case.
As there is no express statutory language that dictates that the provisions of SCPA 1402 (1) (d) are controlling in a proceeding brought under SCPA 1418, and as the provisions of SCPA *711 1001, 1210 and 1419 contradict that interpretation, this court finds that SCPA 1402 (1) (d) is not applicable to a proceeding brought under SCPA 1418. Accordingly, the Public Administrator’s petition for letters of administration c. t. a. under SCPA 1418 is valid and will not be dismissed.
Finally, the request of counsel for the Public Administrator to be reimbursed by the estate for disbursements made on behalf of the estate in the amount of $1,267.34 is approved. Counsel’s request for attorney’s fees in the amount of $7,200.75 is premature and will be addressed at such time as the temporary administrator files an account for this estate.